**AMERICAN INSURANCE GROUP, a/k/a AIG, a/k/a AIAC, a New York corporation, National Union Fire Insurance Company of Pittsburgh, PA, a Pennsylvania corporation and Abacus Corporation, a Maryland corporation t/a Abacus Security Services, Defendants Below, Appellants,**

v.

**RISK ENTERPRISE MANAGEMENT, LIMITED, a Delaware corporation, Cadillac Fairview Shopping Center Properties (Delaware), Inc., a Delaware corporation, JMB Retail Properties Company, a/k/a JMB Retail Properties, Co., a/k/a JMB Retail Properties, Co., Inc., JMB Retail Properties Company, Inc., JMB Properties Company, a/k/a JMB Properties Co., a/k/a JMB Properties Co., Inc., a/k/a JMB Properties Company, Inc., and CFUS Properties, Inc., a Delaware corporation, Plaintiffs Below, Appellees.**

No. 11, 2000.

Supreme Court of Delaware.

Submitted: July 25, 2000.
Decided: Oct. 6, 2000.

---

William J. Cattie, III, Cattie and Fruehauf, Wilmington, Delaware, for Appellants.

William D. Sullivan (argued) and Colleen D. Shields, Elzufon & Austin, P.A., Wilmington, Delaware, for Appellees.

Before VEASEY, Chief Justice, WALSH and BERGER, Justices.

WALSH, Justice:

This is an appeal from the Superior Court's grant of summary judgment in a declaratory judgment action to determine responsibility for indemnification and cost of defense after settlement of a tort action. In granting summary judgment, the Superior Court construed the language of the liability insurance policy in light of the allegations of the plaintiff's complaint in the underlying tort action. We conclude that where, as here, the demand for indemnification occurred after development of a complete discovery record in the underlying lawsuit, the Superior Court should not limit its analysis solely to the allegations of the complaint. Accordingly, we remand this action to the Superior Court for determination of the indemnification issue on the broader record.

I

On August 30, 1992, Jane L. Rose was abducted from the Dover Mall parking lot at 10:40 a.m. on her way to work at Sears. After being driven away in her own car, she was sexually assaulted. Rose later filed suit in the Superior Court against both the owner and management of the mall (collectively "Dover Mall") and Abacus Security Services ("Abacus"), the security company with whom Dover Mall contracted for security.

Dover Mall and Abacus had entered into a Security Services Agreement (the "Agreement"), which provided in pertinent parts:

Should any person not a party to this agreement commence litigation against

Abacus Security Services and/or [Dover Mall] allegedly arising out of the security services being provided hereunder, the rights of the respective parties hereto shall be as follows:

Abacus Security Services hereby agrees to defend, indemnify and hold harmless [Dover Mall] from any and all claims against [Dover Mall] alleging that injury to person or property was directly caused by Abacus Security Services or its employees.

The Agreement required Abacus to "obtain liability coverage from its respective liability insurance carrier effectuating the indemnity terms of this paragraph and keep the same in force [during] the life of the agreement." Dover Mall was to be designated as an additional insured under the certificates of insured. Abacus subsequently purchased the required insurance from National Union Fire Insurance Company ("National Union"), and Dover Mall was listed as an additional insured, "but only with respect to liability arising out of security operations agreed to be performed for [Dover Mall] by or on behalf of [Abacus]."

During the underlying tort action, Abacus was defended by National Union in accordance with the liability policy that Abacus had purchased. Although Dover Mall was separately named as a defendant in the complaint filed in March 1993, Dover Mall did not request National Union to provide it a defense until January 27, 1997. When such demand was made, it was rejected by National Union. As a result, Dover Mall was defended by its own liability insurer, Risk Enterprise Management Limited ("REM"). Ultimately, after extensive discovery, Rose settled her claims with both Dover Mall and Abacus shortly before the scheduled trial. National Union refused Dover Mall's demand for indemnification for its share of the settlement and reimbursement for defense costs.

The present action was initiated by a complaint for declaratory judgment filed by Dover Mall and REM (collectively "Petitioners"). Petitioners alleged that Dover Mall should have been defended pursuant to the liability policy that Abacus purchased for Dover Mall. Specifically, Petitioners argued that National Union was required to provide a defense and indemnification to Dover Mall to effectuate the terms of the Abacus policy because the litigation arises out of the allegation that the victim's injuries were directly caused by the negligence of both Dover Mall and Abacus. Petitioners sought reimbursement for attorneys' fees and costs in connection with the defense of Dover Mall, as well as reimbursement for amounts they paid in settlement on behalf of Dover Mall.

National Union responded that Dover Mall was not covered by the additional insured language since the plaintiff in the underlying litigation sought to recover from both the Dover Mall and Abacus for their respective direct acts of negligence. In addition, National Union argued that there was a factual issue whether Abacus actually agreed to provide security services in the Dover Mall parking lot on the date of the attack because the security agreement was subject to oral modification.

The Superior Court granted summary judgment for Petitioners. The court determined that the Abacus policy did not differentiate between claims made solely against Abacus and claims made against an additional insured individually. The court concluded that National Union was required to provide a defense "as an additional insured for actions that were brought against Dover Mall as a result of the negligence of Abacus." The court implemented its decision by entering an order declaring National Union's obligation to: (i) reimburse Dover Mall for all attorneys' fees and costs in the underlying action; (ii) pay the attorneys' fees and costs associated with the declaratory judgment action and (iii) indemnify Dover Mall for its share of "any judgment" resulting from the underlying tort action.

## II

The Superior Court's grant of summary judgment was based on the interpretation of the language of the insuring agreement between National Union and Dover Mall. Accordingly, this Court's review of the trial court's ruling is *de novo.* *See ABB Flakt, Inc. v. National Union Fire Ins. Co.,* Del.Supr., 731 A.2d 811, 816 (1999). Moreover, where there exists on the pending record genuine disputes of material facts summary judgment may be precluded and the question of whether such material facts exist is, itself, subject to *de novo* review on appeal. *See Emerald Partners v. Berlin,* Del.Supr., 726 A.2d 1215, 1219 (1999).

National Union contends that the Superior Court erred in its application of the principles propounded by this Court in *Continental Cas. Co. v. Alexis I. duPont School Dist.,* Del.Supr., 317 A.2d 101 (1974). National Union submits that where demand for defense comes after the completion of discovery, the court must consider the factual record as developed through discovery pursuant to the standard set forth in *Pike Creek Chiropractic Ctr., P.A. v. Robinson,* Del.Supr., 637 A.2d 418, 421 (1994). ("A court construing an indemnification agreement should look to the actual facts developed during discovery, or at trial, to determine if the indemnitee is free from actual wrongdoing and therefore entitled to complete indemnification.").

Dover Mall responds that this Court's decision in *Pike Creek* did not, nor was it intended to, overrule *Continental* or replace the longstanding criteria under which an insurer's duty to defend is measured under Delaware law. Dover Mall further suggests that this case is distinguishable from *Pike Creek,* where the court concluded that it could not make a coverage determination based solely on a review of the pleadings because the parties had agreed by stipulation to significantly narrow the claims alleged in the complaint based upon the factual record as developed through discovery.

We find National Union's position to be more persuasive. In construing an insurer's duty to indemnify and/or defend a claim asserted against its insured, a court typically looks to the allegations of the complaint to decide whether the third party's action against the insured states a claim covered by the policy, thereby triggering the duty to defend. *See Continental,* 317 A.2d 101. The rationale underlying this principle is that the determination of whether a party has a duty to defend should be made at the outset of the case, both to provide the insured with a defense at the beginning of the litigation and to permit the insurer, as the defraying entity, to control the defense strategy. The present case, however, presents an unusual situation. Dover Mall did not make a demand for defense until after the completion of discovery, almost three years after the underlying tort action was filed. Moreover, the determination of whether a duty to defend existed is being made after the underlying litigation has already been settled. For these reasons, the urgency that often exists at the outset of litigation is not present.

The scope of the record is particularly relevant to an evaluation of National Union's contention that its duty to indemnify or defend Dover Mall was, in the words of the agreement, "with respect to liability arising out of security services" performed by Abacus, and not for claims directed against Dover Mall for its own negligence. While a contract for indemnification may provide for indemnification for the indemnitee's own negligence, that intention must be evidenced by unequivocal language. *See Precision Air, Inc. v. Standard Chlorine of Del., Inc.,* Del.Supr., 654 A.2d 403 (1995). Here, the Superior Court ruled that the duty to defend and indemnify arose out of the insurance policy rather than the agreement to provide insurance. But in either event, the Superior Court must ultimately determine whether the tortious conduct asserted against Dover Mall arose out of security operations

performed by Abacus. This determination should be guided by the holdings of this Court construing the phrase "arising out of." *See Nationwide Gen. Ins. Co. v. Royal*, Del.Supr., 700 A.2d 130 (1997). *See also Eon Labs Mfg., Inc. v. Reliance Ins. Co.*, Del.Supr., 756 A.2d 889, 893 (2000) (applying general insurance contract principles consistent with New York and Illinois law).

## III

Although the Superior Court's decision was directed essentially to the issue of whether National Union had a duty to indemnify Dover Mall, its final order implementing that decision also required payment of all defense costs. In this appeal, National Union argues that its duty to defend did not encompass expenses incurred prior to the demand for defense, which Dover Mall admits was not made until January 27, 1997. Dover Mall responds that National Union had notice of Dover Mall's exposure to the underlying claim since the inception of the litigation and that, in any event, the allocation contention was not fairly presented to the trial court as required by Supreme Court Rule 8.

The duty to defend may, under a contract to insure, be broader than the duty to ultimately indemnify. *See Charles E. Brohawn & Bros., Inc. v. Employers Comm. Union Ins. Co.*, Del.Supr., 409 A.2d 1055, 1058 (1979). While the Superior Court noted this distinction, it is not clear from the present record that it applied it. Nor did the court address the question of whether notice of the claims, per se, triggers the duty to defend or whether a request to defend must be made.*

Because we are not satisfied that the issue of defense cost allocation was effectively raised below, and to afford the Superior Court the opportunity to decide the matter in the first instance upon the remand already required, we decline to decide National Union's allocation argument.

The Superior Court's grant of summary judgment is REVERSED and the matter REMANDED for further proceedings consistent with this decision.

---

* This Court has never opined on the question but other jurisdictions are divided. Some jurisdictions hold that the claim or occurrence of the action causing the claim will trigger the duty to defend and that notice of the claim *per se* tenders the defense. *See White Mountain Cable Const. Co. v. Transamerica Ins. Co.*, 137 N.H. 478, 631 A.2d 907 (1993); *Cincinnati Companies v. West American Ins. Co.*, 183 Ill.2d 317, 233 Ill.Dec. 649, 701 N.E.2d 499 (1998); *Sherwood Brands, Inc. v. Hartford Acc. & Indem. Co.*, 347 Md. 32, 698 A.2d 1078 (1997).

Other jurisdictions hold that there must be both notice of the claim and a demand for a defense before the duty to defend arises. *See Hartford Acc. & Indem. Co. v. Gulf Ins. Co.*, 7th Cir., 776 F.2d 1380 (1985); *American Mut. Liab. Ins. v. Michigan Mut. Liab.*, 64 Mich.App. 315, 235 N.W.2d 769 (1975).