FUENTES, Circuit Judge,
Concurring:
This appeal presents the question of an insurer’s duty to advance costs, not the question of an insurer’s duty to assume a defense. I agree that these are distinct concepts. Once this distinction is recognized, the most important question in this *146 case is not whether National Union was obligated to pay for a defense but when and how it was obligated to do so. From this perspective, the question is whether the Foundation is entitled to recover the costs of its defense at the end of its dispute with Lorillard or whether it should have been encouraged to pursue its contractual right to advance payments at the earliest stages of that dispute. While I agree with the majority’s excellent opinion and its conclusion, I write separately to emphasize the importance of this question of timing: when and how should a request for advance defense costs be presented?
Typically, this question is answered by application of the so-called “eight corners rule,” under which an insurer’s duty to defend is determined solely by reference to the complaint and the insurance policy. See Stevens v. United Gen. Title Ins. Co., 801 A.2d 61, 66 n. 4 (D.C.2002). If even one count or claim of the complaint is covered by the policy, the duty to advance costs is triggered. See Cont'l Cas. Co. v. Alexis duPont Sch. Dist., 317 A.2d 101, 105 (Del.1974). Of course, any doubts as to whether the claim is covered, and any ambiguities in the contract, are resolved in favor of the insured. Id. The eight corners rule serves an important purpose, encouraging the swift preliminary resolution of coverage disputes. Early resolution is advantageous “both to provide the insured with a defense at the beginning of the litigation and to permit the insurer, as the defraying entity, to control the defense strategy.” Am. Ins. Group v. Risk Enter. Mgmt., Ltd., 761 A.2d 826, 830 (Del.2000).
I agree with the majority that this is not a typical case. As the majority points out, the record is devoid of evidence that the Foundation challenged National Union’s denial of coverage, demanded payment for accrued defense costs, or requested National Union’s approval of particular expenses at any time before the final resolution of the Lorillard suit. Op. at 142, 143-44. Under these circumstances, the Foundation’s delay in seeking advanced cost eliminated any urgency that might have been present at the outset of the litigation and placed this case within the exception described in American Insurance Group, 761 A.2d at 829.
The exception announced in American Insurance Group applies whenever an insured is dilatory in pursuing its rights under an insurance contract. In this situation, the eight corners rule does not apply and the court may look at the factual record developed during litigation. The exception, and the majority opinion’s conclusion that the exception is applicable in this case, should not be read as a sign the eight corners rule is enervated. Rather, the exception described in American Insurance Group adds vitality to the rule by encouraging insureds to pursue early resolution of coverage disputes. As this case illustrates, failure on the part of an insured to forcefully pursue its claims early in an insurance dispute exposes the insured to the risk that the record developed during a lawsuit will be unfavorable to its insurance case. In order to avoid this risk, insureds should forcefully pursue their claims, a course of action that ultimately benefits the insured, which may then receive the resources necessary to mount a defense; the insurer, which acquires the ability to supervise the costs of a defense; and the court system, which can more expeditiously and efficiently address coverage issues when they are presented in the same forum, and at the same time, as the underlying lawsuit.