# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

MUMFORD & MILLER CONCRETE, INC., )
)
)
Plaintiff, )
) C.A. No. N14C-06-160-RRC
v. )
)
MARINIS BROS., INC., )
NAUTILUS INSURANCE COMPANY, )
JOHN L. BOONE, CHERYL BOONE, )
)
Defendants. )

Submitted: January 20, 2015
Decided: April 16, 2015

Upon Defendant Nautilus Insurance Company's Motion for Judgment on the Pleadings Regarding Claims by Mumford & Miller Concrete, Inc.
**GRANTED.**

Upon Defendant Nautilus Insurance Company's Motion for Judgment on the Pleadings Regarding Cross-Claim Against Marinis Bros., Inc.
**GRANTED.**

# <u>MEMORANDUM OPINION</u>

Susan L. Hauske, Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware, Attorney for Plaintiff Mumford & Miller Concrete, Inc.

Gary W. Alderson, Esquire, Elzufon Austin Tarlov & Mondell, P.A., Wilmington, Delaware, Attorney for Defendant Marinis Bros., Inc.

Marc S. Casarino, Esquire, White and Williams, LLP, Wilmington, Delaware, Attorney for Defendant Nautilus Insurance Company.

1

Cynthia H. Pruitt, Esquire, Doroshow Pasquale Krawitz & Bhaya, Wilmington, Delaware, Attorney for Defendants John Boone and Cheryl Boone.


COOCH, R. J.

# I.    INTRODUCTION

This declaratory judgment action, and cross claim asserting breach of contract, stems from a personal injury claim for injuries sustained while John Boone, a Plaintiff in the underlying action, was working as an employee of Defendant Marinis Bros., Inc.  Mr. Boone suffered injuries when, while performing sandblasting work, he was allegedly struck and pinned beneath a piece of heavy machinery.  Defendant Nautilus Insurance Company has filed a Motion for Judgment on the Pleadings regarding the Claims by Plaintiff Mumford & Miller Concrete, Inc. and a second Motion for Judgment on the Pleadings regarding the Cross-Claim against Defendant Marinis. The issue at the heart of both motions is whether the policy issued by Defendant Nautilus to Defendant Marinis provides coverage for each distinct set of claims.

For the reasons set forth below, Defendant Nautilus Insurance Company's Motion for Judgment on the Pleadings Regarding Claims by Mumford & Miller Concrete, Inc. is **GRANTED**.  Defendant Nautilus Insurance Company's Motion for Judgment on the Pleadings Regarding Cross-Claim against Marinis Bros., Inc. is **GRANTED**.


# II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Factual Background and Procedural History

The instant action, commenced by Plaintiff Mumford, "seeks a declaration that Defendant Nautilus is obligated to defend and/or indemnify [Plaintiff Mumford] in the underlying litigation[,]" and further seeks a declaration that Marinis breached the subcontractor agreement between Marinis and Mumford.[1] The underlying action, *John Boone, et al. v. Mumford & Miller Concrete, Inc., et al.*,[2] alleges significant personal injuries sustained while Mr. Boone was working as an employee of Defendant Marinis, a subcontractor of Plaintiff Mumford and Miller.

---

[1] *See generally* Complaint for Declaratory Relief, D.I. #1 (Jun. 17, 2014).
[2] C.A. No. N14C-03-036 RRC.

Defendant Nautilus contends that both motions should be granted in its favor as there is no coverage under the Policy it issued to Defendant Marinis for either claim at issue. Plaintiff Mumford argues that the Motion regarding the claims against it should be denied because the Policy issued by Nautilus provides coverage in this case. Defendant Marinis contends that the Motion regarding its cross claim should likewise be denied because the motion is untimely, but also because coverage exists for the claim. Defendants John and Cheryl Boone take no position on the motions and did not participate in the briefing.[3]

## B. Relevant Insurance Contract Provisions:

Defendant Nautilus issued a Commercial General Liability Policy and an Excess Insurance Policy to Defendant Marinis ("the Policies"). At issue in this matter is interpretation of the primary CGL policy. The language of the primary policy issued by Defendant Nautilus to Defendant Marinis provides in pertinent part:

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damaged in excess of the deductible or self-insured retention, if any, to which this insurance applies. We will have the right and duty to defend the insured against any suit seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for bodily injury or property damage to which this insurance does not apply. We may, at our discretion, investigate any occurrence and settle any claim or suit that may result.
   b. This insurance applies to bodily injury and property damage only if:
      (1) The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory.[4]

The relevant definitions in the primary policy are as follows:

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

---

[3] *See* Ltr. from Cynthia H. Pruitt, Esquire, D.I. #27 (Dec. 9, 2014).
[4] Nautilus Commercial Liability Policy Issued to Defendant Marinis Bros., Exhibit 1 to Defendant Nautilus's Answer and Cross-Claim, D.I. #8 (Aug. 21, 2014).

3

"Bodily Injury" means physical injury, sickness, disease, mental anguish, or emotional distress, sustained by any person, including death resulting from any of these at any time.

"Property Damage" means (a) physical injury to tangible property, including resulting loss of use of that property . . . (b) loss of use of tangible property that is not physically injured . . . .[5]

The section of the blanket endorsement attached to the primary policy is listed here in relevant part:

SECTION III – WHO IS AN INSURED is amended to include as an insured, with respect to Coverage A, B, and D, any person(s) or organization(s) when you and such person(s) or organization(s) have agreed in a written contract or written agreement that such person(s) or organization(s) be added as an additional insured on your policy. Such written contract or written agreement must be in effect prior to the performance of your work which is the subject of such written contract or written agreement.

Such additional insured status applies only:

1. Under COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B PERSONAL AND AVERTISING INJURY LIABILITY for claims or suits resulting from:
   a. Your work performed for such person(s) or organization(s) in the performance of your ongoing operations for the additional insured . . . .[6]

## III.   THE PARTIES' CONTENTIONS

### A. Defendant Nautilus' Motion against Mumford & Miller:

#### i.   Defendant Nautilus' Contentions:

Defendant Nautilus argues that the Policies issued to Marinis Bros. by Nautilus trigger Nautilus's duty to defend Mumford & Miller only if Mumford & Miller

---

[5] *Id.*
[6] *Id.*

qualifies as an "additional insured" under the Policies.[7]  Defendant Nautilus asserts that the Additional Insured Blanket Endorsement provides coverage to Mumford & Miller "only if the allegations against Mumford & Miller in the Boone litigation resulted from Marinis Bros.' work on the Project."[8]

To determine whether the allegations against Mumford in the underlying case "resulted from" Marinis Bros.' work, Defendant Nautilus argues this Court should follow two Delaware cases, *Pacific Ins. Co. v. Liberty Mut. Ins. Co.* and *Premcor Ref. Grp., Inc. v. Matrix Serv. Indus. Contractors, Inc.*, cases that held there must be "meaningful linkage" between two conditions imposed in an insurance contract.[9]  Defendant Nautilus contends that in this case, there must be "meaningful linkage" between Marinis Bros.' work on the Project and the allegations against Mumford and Miller in the Boone litigation, and further contends that here, there is no such meaningful linkage.

Specifically, Defendant Nautilus argues that the fact that complaint in the Boone litigation neither names Marinis Bros. nor attributes any wrongdoing whatsoever to Marinis Bros. is fatal to a finding that there is "meaningful linkage." Moreover, Defendant Nautilus argues that "Mr. Boone's mere presence on the job site as an employee of Marinis Bros. does not create a meaningful linkage between Marinis Bros.' work on the Project and the allegations against Mumford & Miller."[10]

Because it argues there is no "meaningful linkage," Defendant Nautilus argues that Mumford & Miller cannot show that the allegations in the Boone litigation "resulted from" Marinis Bros.' work as allegedly required by the contractual language of the Policies.  Defendant Nautilus further argues that if Mumford & Miller cannot show that the allegations in the Boone litigation "resulted from" Marinis Bros.' work, then Mumford & Miller cannot be considered an "additional insured," any duty to defend is not triggered, and this Court should deny coverage.[11]

### ii.   Plaintiff Mumford and Miller's Contentions:

Plaintiff Mumford contends that it should be considered an "additional insured" under the Policies. Plaintiff agrees with Defendant Nautilus and argues that

---

[7] Def. Nautilus's Mot. for J. on the Pleadings Regarding Claims by Mumford & Miller Concrete, Inc. at 4, D.I. #25 (Dec. 3, 2014) (hereinafter "Def. Nautilus's Mot. against Mumford").

[8] Def. Nautilus's Mot. against Mumford at 4.

[9] *Pacific Ins. Co. v. Liberty Mut. Ins. Co.*, 956 A.2d 1246, 1257 (Del. 2008); *Premcor Ref. Grp., Inc. v. Matrix Serv. Indus. Contractors, Inc.*, 2009 WL 960567, at *7-8 (Del. Super. Mar. 19, 2009)

[10] Def. Nautilus's Mot. against Mumford at 2-7.

[11] *See id.*

coverage should be afforded to Mumford & Miller if the claim or suit resulted from Marinis Bros.' work for Plaintiff Mumford. Plaintiff disputes Defendant Nautilus's interpretation of *Premcor*, and argues that "[t]he omission of any allegations against Defendant Marinis does not preclude coverage in this matter."[12]

Plaintiff argues further that both *Premcor* and *Pacific* can be distinguished on their facts because in both cases, the insurance contracts required a meaningful link between the additional insured and the named insured's liability.[13] Plaintiff contends that here, unlike *Premcor* and *Pacific*, all that is required is a meaningful link between Defendant Marinis's work on the project, irrespective of any link arising out of the March 8, 2012 incident, and the allegations against Plaintiff Mumford in the underlying complaint. Plaintiff argues that it is of no consequence that John Boone alleged no liability on the part of Defendant Marinis in the underlying complaint. Finally, Plaintiff points out that per *Premcor*, the duty to defend and the duty to indemnify are distinct, and the factual record must be further developed before the issue of the duty to indemnify can be considered.[14]

## B. Defendant Nautilus' Motion against Marinis Bros.:

### i. Defendant Nautilus' Contentions:

Defendant Nautilus argues that Marinis is not entitled to coverage for the breach of contractual obligations claim brought against Marinis by Plaintiff Mumford in the declaratory action. Specifically, Defendant Nautilus argues that coverage only exists for bodily injury and property damage due to an occurrence. Defendant Nautilus argues further that a breach of contractual obligation falls within neither the definition for bodily injury nor property damage. Finally, Defendant Nautilus contends that the alleged breach of contract is not an "occurrence" under Delaware law.[15]

### ii. Defendant Marinis Bros.' Contentions:

Defendant Marinis contends that the Policies provide coverage, but argues that the coverage determination is not ripe for decision. Defendant Marinis argues that

---

[12] Pl.'s Resp. to Def. Nautilus Ins. Co.'s Mot. For J. on the Pleadings Regarding Claims by Mumford & Miller at ¶ 8, D.I. #28 (Dec. 10, 2014) (hereinafter "Pl. Mumford's Resp.").

[13] *See* Tr. of Oral Arg. at 17-19, D.I. #40 (Feb. 3, 2015). Plaintiff argues alternatively that "at the very minimum, there is a question of fact as to whether a meaningful link exists between Defendant Marinis' work and the underlying claims. . . ." Pl. Mumford's Resp. at ¶ 12.

[14] *See* Tr. of Oral Arg. at 21-26; *See also* Pl. Mumford's Resp. at ¶¶ 9, 11.

[15] *See* Mot. for J. on the Pleadings against Marinis Bros. at ¶¶ 7-8, D.I. #26 (Dec. 3, 2014)

facts critical to the coverage determination are still unknown, and as a result the Court should deny the Motion.[16] Defendant Marinis alternatively argues that although the claim was brought as a breach of contract claim, because the claim was brought as the result of the bodily injury claim in the underlying action, coverage should be provided.[17]

# IV. STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[18] "On such a motion, the Court must accept all the complaint's well-pled facts as true and construe all reasonable inferences in favor of the non-moving party."[19] "The standard for a motion for judgment on the pleadings is 'almost identical' to the standard for a motion to dismiss."[20] The Court will grant a motion for judgment on the pleadings "when no material issues of fact exist, and the moving party is entitled to judgment as a matter of law."[21]

# V. DISCUSSION

## A. Nautilus' Motion for Judgment on the Pleadings against Plaintiff Mumford & Miller:

The motion against Plaintiff Mumford centers around two issues – first, the duty to defend, and second, the duty to indemnify. It is well settled under Delaware law that the determination of any duty to indemnify is "determined upon the facts that are revealed during discovery or are ultimately [] presented at trial."[22] Conversely, determination of the duty to defend is made at the earliest practicable time, to "establish as early as possible the parties that will be responsible for the litigation of the case."[23] This Court declines to consider any issues regarding any duty to indemnify at this time, and now takes up the duty to defend.

---

[16] *See* Def. Marinis Bros. Resp. to Mot. for J. on the Pleadings against Marinis Bros., D.I. #32 (Dec. 30, 2014).

[17] *See* Tr. of Oral Arg. at 57.

[18] Del. Super. Ct. Crim. R. 12(c).

[19] *Blanco v. AMVAC Chem. Corp.,* 2012 WL 3194412, at *6 (Del. Super. Aug. 8, 2012).

[20] *Id.*

[21] *Velocity Exp., Inc. v. Office Depot, Inc.*, 2009 WL 406807, at *3 (Del. Super. Feb. 4, 2009).

[22] *Premcor*, 2009 WL 960567, at *12 (Del. Super. Jan. 8, 2009) (citing *Pike Creek Chiropractic Ctr., P.A. v. Robinson*, 637 A.2d 418, 421 (Del. 1994)).

[23] *Premcor*, 2009 WL 960567, at *6 (citing *Amer. Ins. Group v. Risk Enter. Mgmt. Ltd.*, 761 A.2d 826, 829 (Del. 2000));

For this Court to decide whether a duty to defend exists, the Court must compare the language of the complaint to the language of the insurance contract at issue.[24] The Delaware Supreme Court in *Pacific Ins. Co. v. Liberty Mutual Ins. Co.* detailed the test to apply when making coverage determinations such as this one:

> The test is whether the underlying complaint, read as a whole, alleges a risk within the coverage of the policy. Determining whether an insurer is bound to defend an action against its insured requires adherence to the following principles: (1) where there is some doubt as to whether the complaint against the insured alleges a risk insured against, that doubt should be resolved in favor the insured; (2) any ambiguity in the pleadings should be resolved against the carrier; and (3) if even one count or theory alleged in the complaint lies within the policy coverage, the duty to defend arises.[25]

In short, the policies trigger Nautilus's duty to defend if Mumford and Miller qualifies as an "additional insured" under the policies. There is no dispute between the parties that the insurance contract, discussed *supra*, provides coverage for Mumford and Miller as an "additional insured" if a) there is a written agreement that Mumford be added as an additional insured to Marinis Bros.' policies, and b) that the allegations against Mumford in the Boone litigation "resulted from" Marinis' work on the project. There is similarly no dispute that Marinis Bros. added Mumford and Miller as an additional insured on the policy issued by Nautilus, so the Court need only decide if the allegations against Plaintiff Mumford in the Boone litigation "resulted from" Marinis' work on the project.[26]

The phrase "resulted from" is not only unambiguous, but synonymous with phrases such as "arising out of." The Delaware Supreme Court in *Pacific* interpreted the phrase "arising out of," in the context of insurance policies, "to require some meaningful linkage between the two conditions imposed in the contract."[27] The Court in *Pacific* further explained that phrases such as 'arising out of,' 'flowing from,' or 'done in connection with,' all require "some causal connection to the injuries suffered, but [do] not require proximate cause in the

---

[24] *Premcor*, 2009 WL 960567, at *6; *See also Westfield Ins. Co., Inc. v. Miranda & Hardt Contracting & Bldg. Servs., L.L.C.*, 2015 WL 1477970, at *2 (Del. Super. Mar. 30, 2015).

[25] *Pacific Ins. Co. v. Liberty Mut. Ins. Co.*, 956 A.2d 1246, 1254–55 (Del.2008) (quoting *Am. Ins. Group v. Risk Enter. Mgmt., Ltd.*, 761 A.2d 826, 829 (Del.2000)).

[26] *See* Certificate of Liability Insurance, Jun. 29 2011, Exhibit C to Mumford & Miller Complaint, D.I. #1 (Jun. 17, 2014).

[27] *Pacific*, 956 A.2d at 1257.

legal sense."[28] This Court finds it reasonable to conclude that the phrase "resulted from," when found in an insurance contract, should require the same meaningful linkage.

Again, case law is instructive regarding the methods by which this Court might or might not find meaningful linkage. In *Pacific*, the Delaware Supreme Court explained that meaningful linkage can be established by examining the theories of liability set forth in the underlying complaint.[29] The Court further explained that it could find a meaningful link by examining allegations of the underlying complaint and drawing inferences between those allegations.[30] Plaintiff Mumford argues that this Court should find that there is enough evidence in the Complaint to show meaningful linkage between the allegations against Plaintiff Mumford in the Boone litigation and Marinis' work on the project, but this Court disagrees.

In *Premcor*, this Court held although not dispositive of the duty to defend issue, the fact that the policy holder was not named as a defendant in the underlying complaint alone is fatal to a potential additional insured's ability to establish meaningful linkage.[31] As a result, the Court disagrees with Plaintiff's contention that it is inconsequential that Mr. Boone failed to name Defendant Marinis in the Complaint. Plaintiff Mumford makes a valiant effort to distinguish the instant facts from *Pacific* and *Premcor* and argues that because the contract language is distinct in this case, coverage should be provided. While the Court agrees with Plaintiff's contention that the insurance contract language differs, it cannot ignore the holding in *Premcor,* and finds that Marinis' failure to be named as a party ends the meaningful linkage analysis.[32]

In addition to the fact that Marinis was not named as a Defendant in the underlying complaint (undoubtedly because the exclusivity provision in the Workers Compensation Act prevents an injured worker from bringing a direct action against the worker's employer), the underlying complaint does not allege that Boone's injuries resulted from Marinis' work or otherwise attribute any wrongdoing to Marinis. Rather, the underlying complaint unambiguously alleges that Boone's injuries were "caused solely and exclusively by the negligence and carelessness of [Mumford & Miller Concrete, Inc., Aecom, Inc., Aecom Technical Services, Inc., Aecom Consult, Inc., and Aecom USA, Inc.]"[33] There are no direct

---

[28] *Id.* at 1257, n. 42 (citing *Fed Ins. Co. v. Tri-State Ins. Co.*, 157 F.3d 800, 804-05 (10th Cir. 1998)).

[29] *See Pacific*, 956 A.2d at 1257; *See also Premcor*, 2009 WL 960567, at *8.

[30] *See id*; *See also Premcor*, 2009 WL 960567, at *8 (explaining holding of *Pacific*).

[31] Premcor, 2009 WL 960567, at *8.

[32] *See* Complaint, *Boone, et al. v. Mumford & Miller Concrete, Inc. et al.*, C.A. No. N14C-03-036 RRC, D.I. #1 (Mar. 5, 2014) (hereinafter "Boone Complaint").

[33] Boone Complaint at ¶¶ 22-24.

allegations of wrongdoing on Marinis's part, and this Court declines to infer any such allegations.

As a result, this Court, looking at the underlying complaint on its face and applying the well-established test articulated in *Pacific* and the holding of *Premcor*, finds that a covered risk has not been alleged that would trigger the duty to defend. For these reasons, Defendant Nautilus's Motion for Judgment on the Pleadings against Mumford & Miller is GRANTED.

### B. Nautilus' Motion for Judgment on the Pleadings against Defendant Marinis Bros.

Defendant Nautilus argues that no coverage should be afforded to Marinis for the breach of contractual obligations claim brought against it by Mumford and Miller in the instant declaratory action. Defendant Marinis asserts coverage was provided under the Policy, but could not point to a specific provision of the Policy warranting coverage.[34] Defendant Marinis then advanced the alternative argument at oral argument that coverage should be provided because the breach of contract claim was brought as a result of the bodily injury claim in the underlying action. Thus, Marinis argued, because a bodily injury claim would be covered, it follows that the breach of contract claim should be covered.[35]

Having reviewed the complaint, and considering all reasonable inferences, the Court finds the breach of contract claim advanced by Plaintiff Mumford against Defendant Marinis in the complaint for declaratory judgment is unambiguously excluded by the Policy. The plain language of the policy provides coverage for bodily injury and for property damage, but coverage for a breach of contract claim is simply not provided. Moreover, Defendant's argument that coverage should be provided because the breach of contract claim stems from the bodily injury claim in the underlying action is too attenuated to trigger the duty to defend. This Court finds that there has been no covered risk alleged, and thus no duty to defend is triggered. Defendant Nautilus's Motion for Judgment on the Pleadings against Defendant Marinis Bros. is GRANTED.

## CONCLUSION

For the reasons stated above, Defendant Nautilus Insurance Company's Motion for Judgment on the Pleadings Regarding Claims by Mumford & Miller Concrete, Inc.

---

[34] *See generally* Def. Marinis Bros. Resp. to Mot. for J. on the Pleadings against Marinis Bros. D.I. #32 (Dec. 30, 2014).; See also Tr. of Oral Arg. at 51-2 (citing to Policy as a whole).

[35] *See* Tr. of Oral Arg. at 57.

is **GRANTED**.  Defendant Nautilus Insurance Company's Motion for Judgment on the Pleadings Regarding Cross-Claim against Marinis Bros., Inc. is **GRANTED**.

       **IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:    Prothonotary